Corrigan, C.J.
(concurring in part and dissenting in part). Although I concur with much of the majority’s analysis and its result, I cannot agree with the majority’s analysis of the remand requirement. Accordingly, I respectfully dissent in part.
I would limit the requirement of a reviewing court to remand for resentencing or rearticulation to that explicitly provided by the Legislature in MCL 769.34(11). Rather than interpret the statutory text, the majority creates a new remand requirement out of whole cloth. The majority concludes that “if the trial court articulates multiple reasons [for departure], and the [appellate court] . . . determines that some of these reasons are substantial and compelling and some are not, and the Court of Appeals is unable to determine whether the trial court would have departed to the same degree on the basis of the substantial and compelling reasons, the Court must remand the case to the trial court for resentencing or rearticulation.” Ante at 271. This formulation is found nowhere in the text of the sentencing guidelines and imposes an unnecessary burden on both sentencing and reviewing courts.
MCL 769.34(11) provides:
*275 If, upon a review of the record, the court of appeals finds the trial court did not have a substantial and compelling reason for departing from the appropriate sentence range, the court shall remand the matter to the sentencing judge or another trial court judge for resentencing under this chapter. [Emphasis added.]
The Legislature only requires the reviewing court to determine whether the trial court had “a substantial and compelling reason” for departing from the sentencing range. Therefore, under the statute, the Court of Appeals may only remand for resentencing or rearticulation if it finds that the trial court did not articulate a single substantial and compelling reason for the departure.
In determining whether a trial court articulated a substantial and compelling reason for departing from the appropriate sentence range, the Court of Appeals must necessarily determine whether the trial court met the requirements of MCL 769.34(3): (1) did the trial court articulate a substantial and compelling reason for that particular departure, and (2) did the trial court state that substantial and compelling reason on the record. Provided the trial court complied with the requirements of MCL 769.34(3), with the result that the Court of Appeals finds at least one substantial and compelling reason for the departure imposed by the trial court, then MCL 769.34(11) does not require a remand.
Using the hypothetical example proposed by the majority, even if a trial court provides multiple reasons for a departure and some of those reasons are later determined not to be substantial and compelling, the statute only requires a remand if the Court of Appeals finds that the trial court did not provide a *276 single substantial and compelling reason for that departure from the statutory sentence range. There is no textual support for the majority’s requirement that the Court of Appeals must remand any time any reason is determined not to be substantial and compelling, no matter how many substantial and compelling reasons remain, unless it is clear to the reviewing court that the trial court would have imposed the same departure on the basis of the remaining reasons.
Not only is the majority’s analysis without textual support, it also renders MCL 769.34(11) superfluous. It is a cardinal rule of statutory interpretation that “effect shall be given to every word, phrase, or clause of a statute.” Robertson v DaimlerChrysler Corp, 465 Mich 732, 757; 641 NW2d 567 (2002). The majority’s interpretation, however, gives no meaning to the Legislature’s explicit provision regarding appellate review; rather, it simply collapses the appellate inquiry into the initial determination to depart under MCL 739.34(3). In doing so, the majority ignores the Legislature’s decision to specify the scope and purpose of review by the Court of Appeals in subsection 11.
Had the Legislature intended to require the Court of Appeals to read the mind of the trial court in conducting its review, it would have been sufficient to set forth the trial court requirements in subsection 3 and omit subsection 11. Instead, the Legislature provided for a specific standard of review by the Court of Appeals in subsection 11: the Court of Appeals shall only remand “[i]f, upon a review of the record, the court of appeals finds the trial court did not have a substantial and compelling reason for departing from the appropriate sentence range.” If the major *277 ity’s analysis is correct and the Court of Appeals must remand every time it is unable to discern whether the trial court would have made the same departure under the existing substantial and compelling reasons, this language has no meaning.
The plain language of subsection 11 requires the Court of Appeals to conduct its own inquiry regarding whether the trial court articulated a substantial and compelling reason for departing from the guidelines. Random House Webster’s College Dictionary (2d ed, 1997), defines “find” as “to discover or perceive after consideration,” “to ascertain by study or calculation,” and “to determine after a judicial inquiry.” Therefore, subsection 11 requires the Court of Appeals, upon reviewing the record provided by the trial court, to “discover,” “ascertain,” or “determine” whether the trial court had a substantial and compelling reason for departing from the guidelines. This is the entire scope and function of the Court of Appeals inquiry. Nothing in the statutory text requires the Court of Appeals to “find” that the trial court would have departed and departed to the same degree on the basis of a substantial and compelling reason, as the majority would require. The Legislature provided only that the Court of Appeals must determine for itself whether the trial court articulated at least one substantial and compelling reason for departing from the guidelines, and we are bound by that legislative provision. The majority’s creation of an extratextual remand inquiry renders subsection 11 superfluous and usurps legislative authority.
Further, as a practical matter, the majority’s approach will force the Court of Appeals to remand innumerable cases to the trial courts for resentencing *278 or rearticulation. In any case in which the Court of Appeals is not comfortable with its ability to divine the workings of the mind of the sentencing judge, it will be forced to remand even though it finds that a substantial and compelling reason justifies the departure. This extreme level of inefficiency is not required by the statutory text and will create needless additional work for an already overburdened trial bench. To mitigate the effect of the majority’s extratextual requirement, I strongly suggest that every trial judge add the following disclaimer to the end of every judgment of sentence:
I am persuaded that the defendant should serve the sentence I have rendered and it is my intention that this sentence be sustained if an appellate court determines that any of my rationales for departure survive review.
Although this disclaimer is not required by the statutory text, it is now functionally required by the majority’s creation of a new remand inquiry.
Because I believe we are bound by the statutory language, I would hold that a remand is only required under MCL 769.34(11) if the Court of Appeals, after reviewing the record provided by the trial court, determines that there is not a single substantial and compelling reason for departing from the guidelines, as defined in MCL 769.34(3).
Accordingly, I respectfully dissent in part from the majority’s decision.
Young, J., concurred with Corrigan, C.J.